UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PIERRE LAMAR SHAW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00072-JRS-MJD |
| | ) |
| J.R. BELL, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
And Directing Entry of Final Judgment**

After he was found guilty in the United States District Court for the Southern District of Ohio of felon in possession of a firearm, Petitioner Pierre Lamar Shaw was sentenced to a term of 144 months' imprisonment. *See United States v. Shaw*, No. 1:12-cr-00074-1 (S.D. Ohio) ("Crim. Dkt."). Shaw is serving that sentence at the United States Penitentiary, Terre Haute, which is located in the Southern District of Indiana. In this case, Shaw seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his sentence was improperly enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Dkt. 1 at p. 7. In response, the United States argues that while Shaw's claim that his sentence was improperly enhanced likely has merit, § 2241 does not provide a pathway to correct this error. Dkt. 24 at p. 8.

For the reasons explained below, Shaw is not entitled to habeas relief because he has not shown that his claim for relief was previously foreclosed at the time of his initial § 2255 motion.

**I. Background**

In 2013, Shaw pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e). Crim. Dkt. 20.

1

**A. Shaw's Sentence was Enhanced Under the ACCA**

The sentencing court sentenced Shaw to 144 months of imprisonment, with his sentence enhanced under the ACCA. *In re Shaw,* Case No. 20-4174 (6th Cir. 2021), dkt. 7-2 at p.1. The ACCA mandates increased sentences for defendants possessing a firearm after three prior convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e). Absent that sentence enhancement, the felon-in-possession statute sets a 10–year maximum penalty. *Id.* § 924(a)(2).

At the time of Shaw's sentencing, the ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements or use-of-force clause, 2) the enumerated clause, and 3) the residual clause. *See Stokeling v. United States*, 139 S. Ct. 544, 551 (2019).

The sentencing court relied on the following predicate offenses in determining that the ACCA enhancement applied:

- 2003 aggravated assault from Ohio;
- 2005 robbery from Ohio; and
- 2007 robbery from Ohio.

Dkt. 14 at ¶¶ 59–61. Shaw did not appeal the sentencing court's judgment.

The primary focus of Shaw's § 2241 motion is whether his 2003 Ohio aggravated assault conviction was properly included as a predicate offense under the ACCA.[1] Shaw was convicted

---

[1] There is no dispute that Shaw's two Ohio robbery convictions each count as a qualifying predicate offense under the use-of-force clause. *Waagner v. United States*, 971 F.3d 647, 656 (7th Cir. 2020) (stating that Ohio's robbery statute requires the use, attempted use, or threatened use of force).

2

under subsection (A)(1) of Ohio Rev. Code Ann. § 2903.12. *See* dkt 21 (state court records). The relevant portion of Ohio's aggravated-assault statute is as follows:

> **Ohio Revised Code § 2903.12—Aggravated Assault**
>
> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

Ohio Rev. Code Ann. § 2903.12 (West) (eff. through March 13, 2007); *see also United States v. Burris*, 912 F.3d 386, 394 (6th Cir. 2019) (en banc).

### B. Shaw's § 2255 Motion

Three years after his conviction, Shaw filed a motion for relief pursuant to 28 U.S.C. § 2255, seeking relief under *Johnson v. United States*, 576 U.S. 591 (2015). Crim. Dkt. 37. In *Johnson*, 576 U.S. at 597, the Supreme Court ruled that the residual clause was unconstitutionally vague. Shaw claimed that, under *Johnson*, his Ohio aggravated assault conviction did not qualify as an ACCA predicate offense. Crim. Dkt. 37. The district court denied Shaw's motion, finding that Shaw's conviction did not fall under the residual clause. Crim. Dkt. 44 at p. 2. In doing so, the district court relied on *United States v. Anderson*, a 2012 Sixth Circuit case, that determined that a violation of the Ohio aggravated assault statute qualified as a violent felony based on the ACCA's use-of-force clause, 18 U.S.C. § 924(e)(2)(B)(i). Dkt 44 (citing *United States v. Anderson*, 695 F.3d 390, 399-400 (6th Cir. 2012)).

### C. Shaw's § 2241 Petition

In 2016, the Supreme Court decided *Mathis v. United States*, 579 U.S. 500 (2016), which

3

narrowed the range of state statutes that qualify as violent-felony predicates under the ACCA. *Gamboa v. Daniels*, -- F.4th --, No. 20-1093, 2022 WL 443624, at *2 (7th Cir. Feb. 14, 2022); *Chazen v. Marske*, 938 F.3d 851, 855 (7th Cir. 2019). "Before *Mathis* was decided, there was a circuit split over the "elements" versus "means" distinction in the context of predicate offenses under the [ACCA]." *Gamboa*, 2022 WL 443624, at *5.

The Sixth Circuit's decision in *United States v. Burris* followed. *Burris* held that Ohio's aggravated assault statute is not categorically a crime of violence, that the statute is divisible, and that a conviction under subsection (A)(1) of Ohio Rev. Code Ann. § 2903.12 is not a crime of violence under the ACCA. *Burris,* 912 F.3d at 390–91.

Shaw has now filed a § 2241 petition seeking relief under *Mathis* arguing that his aggravated-assault conviction under § 2903.12(A)(1) is not an ACCA predicate offense. Dkt. 1. The United States agrees that Shaw's aggravated-assault conviction is not an ACCA predicate offense but argues that Shaw is not eligible for relief under § 2241. Dkt. 24 at p. 8.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). Only under very limited circumstances may a petitioner employ § 2241 to challenge his federal conviction or sentence. *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Specifically, under § 2255(e), a federal prisoner may seek relief under § 2241 only if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those

4

developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998)).

The Seventh Circuit has established a three-part test to determine whether a petitioner is entitled to relief under § 2255(e)'s so-called "savings clause."

> To pursue relief under § 2241, a petitioner must establish that "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."

*Chazen*, 938 F.3d at 856 (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

As a preliminary matter, *Mathis* is a statutory-interpretation case, and the United States does not dispute that *Mathis* applies retroactively to cases on collateral review. But Shaw's ability to pursue relief under § 2241 depends on establishing that he was unable, in his prior § 2255 proceeding, to advance the arguments he now raises to challenge his sentence. An argument was previously unavailable if it "would have been futile" to raise the argument because the law of the circuit in which the petitioner was convicted was "squarely against" the petitioner. *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019); *see also Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]he fact that a position is novel does not allow a prisoner to bypass section 2255.").

The United States argues that because Shaw could have argued that his aggravated-assault conviction under § 2903.12(A)(1) is not an ACCA predicate offense in a timely § 2255 motion, he cannot meet the second part of the Seventh Circuit's savings clause test. In other words, although he references *Mathis,* Shaw does not rely on any rule from *Mathis* that was previously unavailable. Dkt. 24 at p. 5; *see Blue v. Williams*, 824 F. App'x 419, 421 (7th Cir. 2020) (concluding that habeas relief was not available because petitioner "could have raised the same arguments in his original motion under § 2255."); *Parker v. Sproul*, No. 18-1697, 2022 WL 258586, at *3 (7th Cir. Jan. 27,

5

2022) ("But it is not enough that our post-*Mathis* cases support Parker's claim if he could have made the same arguments without relying on these cases.").

At the time Shaw was convicted, Sixth Circuit precedent established that "aggravated assault in Ohio is a 'violent felony' under § 924(e)(2)(B)(i) because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Anderson*, 695 F.3d at 400  (quoting § 924(e)(2)(B)(i)); *see also United States v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013) (concluding that Ohio Rev. Code § 2903.12(A)(1) "proscribes conduct that 'presents a serious potential risk of physical injury to another'").

It was not until 2019 that the Sixth Circuit overruled *Anderson.* In *Burris*, the Sixth Circuit concluded that (1) Ohio's aggravated-assault statute is too broad to qualify categorically as a violent-felony predicate under the ACCA elements clause, (2) that the statute is divisible, and (3) that only the (A)(2) version of the statute qualifies as a violent-felony predicate under the ACCA elements clause. *Burris,* 912 F.3d at 407 ("Because the *Anderson* court did not conduct an overbreadth analysis, and because subsequent Supreme Court precedent requires a divisibility analysis that *Anderson* lacks, … *Anderson* no longer binds this court.").

In *Burris*, the Sixth Circuit adopted the overbreadth argument Shaw presents to this Court. But nothing prevented Shaw from making the argument presented in *Burris* in his § 2255 motion. In fact, in *Burris*, the Sixth Circuit recognized that the logic supporting its conclusion "ha[d] been true since at least 1990." *Burris*, 912 F.3d at 392-93; *accord Williams v. United States*, 875 F.3d 803, 806 (6th Cir. 2017) (*Mathis* had nothing "to do with the significant part of our holding in *Anderson*.").

The overbreadth analysis which resulted in the conclusion that subsection (A)(1) of Ohio's aggravated-assault statute does not qualify as a violent-felony conviction under the ACCA

6

elements clause was not impacted by *Mathis*. Put differently, "the categorical shortcomings of Ohio Rev. Code § 2903.1[2] should have been just as identifiable in 2006 as they are today." *Williams v. United States*, 927 F.3d 427, 442 (6th Cir. 2019). Because the framework for Shaw's challenge was available prior to *Mathis*, his "petition fails to satisfy the second part of [the] savings clause test." *Gamboa*, 2022 WL 443624, at *6 (affirming denial of habeas relief because petitioner had not shown that his claim was previously foreclosed at the time of his initial § 2255 motion).[2]

### III. Conclusion

Shaw's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/27/2022

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

PIERRE LAMAR SHAW
70376-061
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel

---

[2] Shaw also seeks to challenge the use of one of his robbery convictions as a predicate offense. This challenge is based on the assertion that the conviction was uncounseled and occurred when he was a juvenile. Dkt. 1. These challenges are not based on an intervening Supreme Court decision of statutory interpretation that is retroactive and could not have been invoked in a § 2255 motion. Accordingly, Shaw's challenge to his uncounseled robbery conviction does not satisfy the savings clause of § 2255(e) and thus cannot proceed under § 2241.